## 15214

COLEMAN v. SOUTHERN RY. CO.

(13 S. E. (2d), 142)

*Messrs. McDonald, Macaulay & McDonald* and *Frank G. Tompkins,* for appellant,

*Messrs. Hemphill & Hemphill,* for respondent,

February 13, 1941.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

The plaintiff, a Negro youth, who at the time of the occurrence which is the foundation of this action, was a minor and hence appears by guardian *ad litem*, is now of age.

He alleges that while he was crossing the appellant's tracks in the Town of Carlisle, S. C., he was struck by one of its freight trains and suffered serious injuries. There are the usual allegations of negligence, viz., the failure to give the statutory signals, excessive speed, obstruction at or near the tracks, failure to keep a proper lookout, failure to have signal lights and failure to have a watchman there.

The defense was a general denial and the allegation that the injury received by plaintiff was the result of his own grossly careless, reckless, willful and wanton acts in catching hold of the iron rods on the side of the car and was thereby thrown to the ground; and plaintiff was a trespasser and his injuries were due to his own careless, willful and wanton acts.

The case was heard by the Hon. A. L. Gaston, Circuit Judge, and a jury at Chester, S. C., and resulted in a verdict for plaintiff.

The defendant, at the proper time, made a motion for directed verdict on the ground that the only reasonable inference that can be drawn from the testimony is that the sole proximate cause of plaintiff's injury was his own gross negligence. The motion was refused.

The case is based on appeal upon one exception, which embodies the ground upon which the motion for directed verdict was made.

The record seems to contain all of the testimony and exhibits. It is very contradictory. There is pertinent testimony in support of some of plaintiff's allegations of negligence,

and there is pertinent testimony in support of defendant's allegations that plaintiff's injury was due to his own acts. We have carefully considered this voluminous record and we are unable to concur in the contention of the appellant that the only reasonable inference to be deduced from it is that the sole proximate cause of plaintiff's injury was his own gross negligence.

There is evidence of the presence on side tracks of box cars which obscured the vision of one crossing the tracks; there is evidence that the statutory signals were not given; that there were no lights to warn of the approach of the train; that there was no watchman at the grade crossing; that there was no proper lookout for persons crossing or about to cross the track.

For the defendant-appellant there is evidence that the plaintiff tried to catch on to the train and was thrown and hurt, there is evidence for the defendant contradicting practically all of plaintiff's evidence. To say that only one reasonable inference can be deduced would be to say that one believed all that was shown for the defendant and disbelieved all that was shown for the plaintiff. The person who did so would usurp the function of the jury.

In the case of *Carter v. Atlantic C. L. R. Company et al.*, 194 S. C., 494, 10 S. E. (2d), 17, and that of *Harrison v. Atlantic Coast Line R. Company, S. C.*, 13 S. E. (2d), 137, filed February 4, 1941, Mr. Justice Fishburne has given especial attention to issues and evidence strikingly analogous to those involved in this case, and held that the cases were properly submitted to the jury.

We think that Judge Gaston committed no error in following that course in this case.

The judgment is affirmed.

MESSRS. JUSTICES CARTER, BAKER, and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE G. B. GREEN concur.